IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Chris Robert Klein, | ) Case No. 8:14-cv-02163-JMC-JDA |
| | ) |
| Plaintiff, | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| v. | ) |
| | ) |
| The United States of America; The | ) |
| Environmental Protection Agency, its | ) |
| officers and assignees, | ) |
| | ) |
| Defendants.[1] | ) |
| _____ | ) |

This matter is before the Court on a motion to dismiss filed by Defendants. [Doc. 34.] Plaintiff, proceeding pro se, brought this action pursuant to the Federal Tort Claims Act ("FTCA") and the Administrative Procedures Act ("APA"). [Doc. 1.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in proceedings involving litigation by individuals proceeding pro se and to submit findings and recommendations to the District Court.

Plaintiff's Complaint was filed on June 4, 2014. [Doc. 1.] On September 19, 2014, Defendants filed a motion to dismiss for lack of subject matter jurisdiction and/or for failure to state a claim. [Doc. 22.] The same day, the Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately respond to Defendants' motion to dismiss. [Doc. 23.] On December 22, 2014, Plaintiff filed a response in

---

[1] On July 10, 2014, Gina McCarthy was removed as a defendant in this action. [Doc. 16.] Consequently, the United States of America and the Environmental Protection Agency are the only defendants remaining in this action.

opposition to Defendants' motion. [Doc. 33.] Accordingly, Defendants' motion is now ripe for review.

## **BACKGROUND**[2]

Plaintiff alleges that on June 27, 2009, he purchased gasoline from the Red Robin gas station in Greenville, SC for his Subaru Impreza and that, shortly thereafter, he began having severe performance difficulty with his car.[3] [Doc. 1 at 4 ¶¶ 7, 9.] Between July 2009 and October 2013, his car underwent many maintenance tests and procedures. [*Id.* at 4 ¶ 10–8 ¶ 60.] On April 6, 2013, Plaintiff filed a "Standard Form 95" Claim for Damage, Injury, or Death and submitted it to the Environmental Protection Agency ("EPA"). [*Id.* at 8 ¶ 61.] According to Plaintiff, this form replaced a form Plaintiff had submitted on or around August 6, 2012, correcting the date the incident occurred. [*Id.*] Plaintiff expected a response to his claim within 45 days of April 6, 2013, but did not hear anything from the EPA until the end of the year and after numerous attempts at contact. [*Id.*]

On October 10, 2013, Plaintiff contacted the EPA and informed them of his car trouble and the alleged cause of damage. [*Id.* at 9 ¶ 62.] Plaintiff claims he received no response from the EPA to his October 10, 2013 letter. [*Id.*] On October 24, 2013, Plaintiff attempted to contact the EPA again, this time circumventing the Atlanta office and sending a letter directly to the Washington, D.C. office. [*Id.* at 9 ¶ 63.] On December 5, 2013, the

---

[2]The facts included in this Background section are taken direction from Plaintiff's Complaint.

[3]The gas Plaintiff purchased at Red Robin was pure fuel, but Plaintiff had previously purchased ethanol-blended fuel; accordingly, the pure fuel he purchased at Red Robin mixed with the small amount of ethanol-blended fuel that remained in the tank. [Doc. 1 at 4 ¶ 8.] Plaintiff alleges his car suffered from phase separation property damage due to the ethanol-tainted gasoline. [*Id.* at 9 ¶ 62, 12 ¶ 76–17 ¶ 88.]

EPA wrote to Plaintiff, stating that under the FTCA, the EPA had the right to, and subsequently determined, that Plaintiff had no cause of action and his claim was denied. [*Id.* at 9 ¶ 64.] The letter further indicated that no further administrative remedies were available to Plaintiff and that, if he disagreed with the decision, Plaintiff could file a suit in the United States District Court within six months of the letter. [*Id.*]

Plaintiff seeks damages in the amount of $20,505.82. [*Id.* at 23.] Plaintiff claims the EPA is liable for his damages under the FTCA [*id.* at 17 ¶ 89–19 ¶ 92]; the Court has jurisdiction under the APA because the EPA's action was arbitrary and capricious [*id.* at 19 ¶ 93–21 ¶ 95]; and Plaintiff is entitled to non-statutory review [*id.* at 21 ¶ 96–23 ¶ 100].

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss Standard**s

### *Rule 12(b)(1)*

A motion to dismiss under Rule 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. Fed.R.Civ.P. 12(b)(1). It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. *See id.* The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "'(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

### *Rule 12(b)(6)*

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support her claim and entitle her to relief. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not

accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).  Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference.  *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985).  If matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

5

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" (quoting *Twombly*, 550 U.S. at 557)). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

**FTCA Statute of Limitations**

Defendants argue this action is barred by the FTCA's two-year statute of limitations. [Doc. 22 at 4–6.] The Court agrees.

The FTCA provides a limited waiver of sovereign immunity whereby the United States government submits itself to be sued in limited situations for negligent acts by its employees, in which private individuals under similar circumstances would be liable under state law. 28 U.S.C. § 1346(b) and §§ 2671, *et seq*. A suit under the FTCA lies only

against the United States, and a federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees. *See Myers and Myers, Inc. v. U.S.P.S.*, 527 F.2d 1252, 1256 (2d Cir. 1975). The provisions of the FTCA are to be strictly construed. *United States v. Kubrick*, 444 U.S. 111, 117–18 (1979) (holding that the FTCA waiver should not be extended or narrowed beyond that which Congress intended).

Under the FTCA, "[a]n action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency[.]" 28 U.S.C. § 2675(a). A cause of action under the FTCA must be presented to the appropriate federal agency within two years after the claim accrues, and the tort suit must be begun within six months after the date of the final denial of the claim by the agency to which it was presented. *See* 28 U.S.C. § 2401(b); *Dyniewicz v. United States*, 742 F.2d 484, 485 (9th Cir. 1984). Thus, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues[.]" 28 U.S.C. § 2401(b). To properly present an administrative claim, the claimant must present the agency with (i) a completed Form SF 95 or other written notification of the incident and (ii) a claim for money damages in a sum certain. *Kokotis v. U.S.P.S.*, 223 F.3d 275, 278 (4th Cir. 2000) (citing 28 C.F.R. § 14.2(a); 39 C.F.R. § 912.5(a)). The burden of establishing subject matter jurisdiction over an FTCA claim lies with the plaintiff. *Welch v. United States*, 409 F.3d 646, 650–51 (4th Cir. 2005).

Federal law governs claim accrual under the FTCA. *Gould v. U.S. Dep't of Health & Human Servs.*, 905 F.2d 738, 741 (4th Cir. 1990). The Fourth Circuit Court of Appeals

has stated that "a claim accrues within the meaning of § 2401(b) when the plaintiff knows or, in the exercise of due diligence, should have known both the existence and the cause of his injury." *Id.* at 742 (discussing *Kubrick*, 444 U.S. at 123–24).

Here, Plaintiff's claim is barred by the FTCA's two-year statute of limitations. In his Claim for Damage, Injury, or Death, Plaintiff stated that his claim is based on a "3 year investigation of the damages slowly uncovered after ethanol/water contamination in his Subaru Impreza RS" following the purchase of a full tank of gas from a Red Robin convenience store in Greenville, South Carolina, on June 27, 2009. [Doc. 1-2 at 1.] Plaintiff claims that, "during that tank of gas," his car began having performance issues and, later that week, a friend advised him to replace the fuel filter as "he was confident there was water in it." [*Id.*] Plaintiff claims that this friend was correct because, after Plaintiff replaced the filter, "most of the performance was restored." [*Id.* at 1–3.] Thus, Plaintiff's claim began to accrue within the meaning of § 2401(b) in late-June or early-July 2009, when Plaintiff knew or, in the exercise of due diligence, should have known both the existence and the cause of his injury. *See Gould*, 905 F.2d at 742; *Cf. Hahn v. United States*, 313 F. App'x 582, 585 (4th Cir. 2008) ("Furthermore, a claim will accrue even if the claimant does not know the precise medical reason for the injury, provided that he knows or should know that some aspect of the medical treatment caused the injury." (citation omitted)). Although Plaintiff was on notice of possible fuel system contamination in late-June or early-July 2009, he did not file his administrative claim with the EPA until over two years later.[4] Accordingly,

---

[4] Although the parties dispute when the administrative claim was filed [*compare* Doc. 22-1 ¶ 1–4 (declaration of John Rowland, Senior Attorney in the Civil Rights and Finance Law Office, Office of the General Counsel, EPA, averring that he has searched the computerized database containing a record of administrative tort claims filed with the EPA

Plaintiff's claim is barred by the FTCA's two-year statute of limitations and, thus, should be dismissed for lack of jurisdiction.[5]

**APA Claim**

Plaintiff claims that this Court has jurisdiction over his claim under the APA because the EPA's action was arbitrary and capricious. [Doc 1. at 19 ¶ 93–21 ¶ 95.] Defendants contend Plaintiff cannot use the APA to revive his stale FTCA claim. [Doc. 22 at 9–10.] The Court agrees that Plaintiff's claim cannot be revived.

Section 704 of the APA provides that an APA claim must challenge a "final agency action," a term that includes an agency's failure to act. 5 U.S.C. § 551(13). "The statute requires two essential elements as a prerequisite to judicial review: (1) final agency action

---

under the FTCA and located a claim filed by Plaintiff on October 31, 2013) *with* Docs. 1-2; 1 at 8 ¶ 61 (Plaintiff's Claim for Damage, Injury, or Death, dated April 6, 2013, which Plaintiff claims to have submitted to replace a form previously submitted on or around August 6, 2012)], even assuming Plaintiff could provide evidence of filing a claim on August 6, 2012, his claim would still be untimely under the FTCA's two-year statute of limitations.

[5]Although the Fourth Circuit Court of Appeals does not appear to have *explicitly* held that the FTCA's statute of limitations is subject to equitable tolling, it has suggested that equitable considerations may apply in an appropriate case. *See, e.g., Zeno v. United States*, 451 F. App'x 268, 273 (4th Cir. 2011); *Kokotis*, 223 F.3d at 280–81*; McKewin v. United States*, 7 F.3d 224, at *2 n.1 (4th Cir. 1993) (unpublished table decision); *Kelly v. United States*, 4 F.3d 985, at *2 n.* (4th Cir. 1993) (unpublished table decision); *Muth v. United States*, 1 F.3d 246, 251 (4th Cir. 1993). In this regard, the Fourth Circuit Court of Appeals has set forth guidelines for courts considering whether to equitably toll a statute of limitations. For example, the Fourth Circuit Court of Appeals has stated that equitable tolling principles are appropriate only "where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action," *Kokotis*, 223 F.3d at 280–81 (internal quotation marks and citation omitted), and "such relief is appropriate only for the most deserving complainant," *Muth*, 1 F.3d at 251 (citation omitted). Importantly, to invoke this doctrine, a plaintiff "must show that the 'defendant attempted to mislead him and that the plaintiff reasonably relied on the misrepresentation by neglecting to file a timely charge.'" *Id.* (citations omitted). Here, Plaintiff has alleged no set of facts upon which the Court could consider equitable tolling.

9

and (2) no other adequate remedy in a court." *Klein v. Comm'r of Patents*, 474 F.2d 821, 824 (4th Cir. 1973). Under the final agency action limitation, courts may not supervise an agency's "continuing (and thus constantly changing) operations," but instead may intervene to correct only agency actions or inactions that have "an actual or immediately threatened effect." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 890–94 (1990). Here, Plaintiff has failed to make such a showing. Plaintiff seeks monetary damages under the FTCA in this case and cannot attempt to circumvent the FTCA's statute of limitations by attempting to frame his claim as one under the APA. Plaintiff's conclusory allegations about the EPA's failure to notify the public of issues regarding "phase separation" in gasoline are insufficient.

Even assuming arguendo that APA review was proper, the scope of review under the APA is narrow. *Ohio Valley Envtl. Coalition v. Aracoma Coal Co.*, 556 F.3d 177, 192 (4th Cir. 2009) (citations omitted). Judicial review of agency actions is highly deferential and begins with a presumption of validity. *See Nat'l Res. Def. Council v. EPA*, 16 F.3d 1395, 1400 (4th Cir. 1993) (citation omitted). To overturn an administrative act, a court must find the action to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). In other words, the Court must find that the agency committed a clear error of judgment. *Wilson v. Office of Civilian Health & Med. Programs of the Uniformed Servs.*, 65 F.3d 361, 364 (4th Cir. 1995) (citations omitted). Here, Plaintiff's vague and meandering allegations with respect to the EPA's knowledge of "phase separation" issues in gasoline and its failure to warn the public do not establish a clear error of judgment. The kind of agency action that Plaintiff challenges here—the EPA's alleged failure to investigate or take enforcement action or provide notice of "phase separation" issue in gasoline to the public—is a decision generally committed to an

agency's absolute discretion. *See Heckler v. Chaney*, 470 U.S 821, 831 (1985). Therefore, even assuming arguendo that the Court could review Plaintiff's claims against the EPA under the APA, the record does not reflect that the EPA's denial of Plaintiff's claim was arbitrary, capricious, or otherwise not in accordance with the law.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends Defendants' motion to dismiss be GRANTED.

IT IS SO RECOMMENDED.

                                       s/Jacquelyn D. Austin
                                       United States Magistrate Judge

July 27, 2015
Greenville, South Carolina